1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| CHRISTOPHER WHITE, | Case No. 2:20-cv-01919-JAK (MAA) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| LOS ANGELES COUNTY BOARD OF SUPERVISORS et al., | |
| Defendants. | |

## I.    SUMMARY OF FACTS AND PROCEEDINGS

On February 27, 2020, Plaintiff Christopher White ("Plaintiff"), proceeding *pro se*, filed a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.  (Compl., ECF No. 1.)  That same day, Plaintiff filed a Request to Proceed *In Forma Pauperis* (ECF No. 3), which the Court granted on March 2, 2020 (ECF No. 6).  Plaintiff also filed an Application for Permission for Electronic Filing (ECF No. 4), which the Court granted on March 3, 2020 (ECF No. 10).

On April 6, 2020, the Court issued a Memorandum Decision and Order Dismissing Complaint with Leave to Amend ("Order-1").  (Order-1, ECF No. 11.) The Court ordered Plaintiff, no later than sixty days from the date of Order-1—that

is, June 5, 2020—to either file a First Amended Complaint ("FAC") or advise the Court that Plaintiff does not intend to pursue this lawsuit further and will not file a FAC. (*Id*. at 15–16.)  Order-1 "**caution[ed] Plaintiff that failure to timely file a FAC, or timely advise the Court that Plaintiff does not intend to file a FAC, w[ould] result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b)**."  (*Id*. at 16.)

On June 15, 2020, in the absence of a filed FAC, the Court issued an Order to Show Cause ("OSC-1"), ordering Plaintiff to show cause by July 15, 2020 why the Court should not recommend that the case be dismissed for want of prosecution. (OSC-1, ECF No. 12.)  OSC-1 stated that if Plaintiff filed a FAC or dismissed the case before that date, then OSC-1 would be discharged.  (*Id*.)  OSC-1 "**advised that failure to comply with this order w[ould] result in a recommendation that the lawsuit be dismissed without prejudice for failure to prosecute and/or comply with court orders.  *See* Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1**."  (*Id*.)

On June 22, 2020, Plaintiff filed a Motion for Extension of Time ("Motion"), requesting a ninety-day extension of time to file a FAC.  (Mot., ECF No. 13.)  The Motion asserted that Plaintiff filed lawsuits in both state and federal court, and that Plaintiff had started to vindicate his rights first in state court.  (*Id*. at 2.)  The Motion also stated that Plaintiff had been hospitalized, had had a hard time since the shut-down of the courts due to COVID-19 and issues with PACER, was disabled, and had no access to the public library.  (*Id*.)  On July 2, 2020, the Court granted the Motion in part and extended Plaintiff's FAC deadline to September 13, 2020 ("Order-2"). (Order-2, ECF No. 14.)  Order-2 "**advised that failure to comply with this order w[ould] result in a recommendation that the lawsuit be dismissed without prejudice for failure to prosecute and/or comply with court orders**.  *See* **Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1**."  (*Id*. at 2.)

///

2

On September 28, 2020, in the absence of a filed FAC, the Court issued a second Order to Show Cause ("OSC-2"), ordering Plaintiff to show cause by October 28, 2020 why the Court should not recommend that the case be dismissed for want of prosecution.  (OSC-2, ECF No. 15.)  OSC-2 stated that if Plaintiff filed a FAC or dismissed the case before that date, then OSC-2 would be discharged.  (*Id*. at 2.)  OSC-2 "**advised that failure to comply with this order w[ould] result in a recommendation that the lawsuit be dismissed without prejudice for failure to prosecute and/or comply with court orders.  *See* Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.**"  (*Id*.)

Plaintiff has failed to file a FAC to date, and has not communicated with the Court since June 22, 2020.

## II.    LEGAL STANDARD

District courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that the court has "inherent power" to dismiss cases *sua sponte* for lack of prosecution). Unless the Court states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits.  Fed. R. Civ. P. 41(b).  "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances."  *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)).

"A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'"  *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  In addition, the court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need

3

to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Finally, "in order to warrant a sanction of dismissal, the party's violations of the court's orders must be due to wilfulness or bad faith." *Id.*

## III.   ANALYSIS

### A.   The Public's Interest in Expeditious Resolution and the Court's Need to Manage Its Docket

The first and second factors (the public's interest in expeditious resolution of litigation and the Court's need to manage its docket)[1] strongly weigh in favor of dismissal.  "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *In re: Phenylpropanolamine*, 460 F.3d at 1227.  "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990).  In addition, district courts "have an inherent power to control their dockets," *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

Plaintiff has failed to file a FAC—which is now over five months past due from its original June 5, 2020 deadline—and has not communicated with the Court

---

[1] The first two factors are usually reviewed together "to determine if there is an unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

4

since June 22, 2020.  The Court concludes that Plaintiff's inaction and lack of communication with the Court constitute willful unreasonable delay.  *See Thomas v. Maricopa Cnty. Jail*, 265 F. App'x. 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court order for almost three months).  Plaintiff's noncompliance also interferes with the public's interest in the expeditious resolution of this litigation and hinders the Court's ability to manage its docket.  *See In re: Phenylpropanolamine*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'") (quoting *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994)).  The first and second factors strongly favor dismissal.

### B.    Risk of Prejudice to Defendants

The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal.  "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."  *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)).  "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."  *Pagtalunan*, 291 F.3d at 643.  When considering prejudice, "the failure to prosecute diligently is sufficient by itself to justify dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. . . . The law presumes injury from unreasonable delay."  *In re Eisen*, 31 F.3d at 1452 (alteration in original) (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).

The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action.  *Pagtalunan*, 291 F.3d at 642.  "Whether prejudice is

1    sufficient to support an order of dismissal is in part judged with reference to the

2    strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131.  In his

3    Motion requesting an extension of the deadline to file a FAC, Plaintiff declared that

4    he filed lawsuits in both state and federal court, and that he had "started to vindicate

5    [his] rights first in state court." (Mot. 2.)  The Motion also stated that Plaintiff has

6    been hospitalized several times since filing his state and federal lawsuits, has had

7    difficulty since the shutdown of the courts due to COVID-19 and issues with

8    PACER, is disabled, and has no access to the public library.  (*Id.*)  Plaintiff has not

9    communicated with the Court since submitting the Motion on June 22, 2020.

10        The Court granted Plaintiff's Motion and extended Plaintiff's FAC deadline.

11   (Order-2.)  However, the Court observes that the COVID-19 pandemic was taken

12   into consideration in setting Plaintiff's original deadline to file the FAC (sixty days

13   instead of the standard thirty days).  (Order-1.)  Further, the Court's temporary

14   shutdown due to the COVID-19 pandemic should not have affected Plaintiff's ability

15   to file a FAC, as the Court approved Plaintiff's application to file electronically and

16   Plaintiff also could have filed the FAC by mail.  Finally, Plaintiff's choice to file

17   lawsuits simultaneously in state and federal court and then to pursue his state lawsuit

18   first is not a valid excuse for failure to prosecute this case.

19        At this point—approximately five months since Plaintiff's last communication

20   with the Court—any past excusable delay in prosecuting this action has been

21   outweighed by unreasonable delay.  Plaintiff has not responded to either Order-2 or

22   OSC-2, has not communicated with the Court since June 22, 2020, has not provided

23   any explanations of what actions he has taken since that time, and has not explained

24   whether he still is experiencing any difficulties in prosecuting this case.  In the

25   absence of any communication from Plaintiff for the past five months, Plaintiff's

26   delay was unreasonable and the third factor favors dismissal.  *See Laurino v. Syringa*

27   *Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) ("[A] presumption of prejudice arises

28   from a plaintiff's unexplained failure to prosecute.").

1

### C.     Availability of Less Drastic Alternatives

2      The fourth factor (the availability of less drastic alternatives) strongly supports

3  dismissal.  "The district court need not exhaust every sanction short of dismissal

4  before finally dismissing a case, but must explore possible and meaningful

5  alternatives."  *Henderson*, 779 F.2d at 1424.

6      The Court considered and implemented less drastic alternatives prior to

7  dismissal.  The Court explicitly warned Plaintiff in four separate orders that failure

8  to file a FAC would result in a recommendation that the action be dismissed for

9  failure to prosecute and/or failure to comply with Court orders pursuant to Federal

10  Rule of Civil Procedure 41(b).  (Order-1; OSC-1; Order-2; OSC-2.)  *See In re:*

11  *Phenylpropanolamine*, 460 F.3d at 1229 ("Warning that failure to obey a court order

12  will result in dismissal can itself meet the 'consideration of alternatives'

13  requirement.").  The Court also extended Plaintiff's deadline to file a FAC three

14  times:  from June 5, 2020 to July 15, 2020 (OSC-1); again to September 13, 2020

15  (Order-2); and again to October 28, 2020 (OSC-2).  *See Ferdik v. Bonzelet*, 963 F.2d

16  1258, 1262 (9th Cir. 1992) (holding that the district court's allowance of an

17  additional thirty days for plaintiff to file an amended complaint was an attempt at a

18  less drastic sanction).  The fourth factor strongly weighs in favor of dismissal.

19

20

### D.     Public Policy Favoring Disposition on the Merits

21      As to the fifth factor, "[p]ublic policy favors disposition of cases on the

22  merits."  *Pagtalunan*, 291 F.3d at 643.  However, "a case that is stalled or

23  unreasonably delayed by a party's failure to comply with deadlines . . . cannot move

24  toward resolution on the merits."  *In re: Phenylpropanolamine*, 460 F.3d at 1228.

25  Thus, "this factor lends little support to a party whose responsibility it is to move a

26  case towards disposition on the merits but whose conduct impedes progress in that

27  direction."  *Id.* (internal quotation marks omitted).  The case has been stalled by

28  Plaintiff's failure to file a FAC or otherwise communicate with the Court since June

7

22, 2020.  Still, the public policy favoring the resolution of disputes on the merits is strong and, under the circumstances, outweighs Plaintiff's noncompliance and inaction.

### E.    Dismissal Without Prejudice

In summary, Plaintiff's failure to file a FAC or otherwise participate in this lawsuit since June 22, 2020 constitutes willful unreasonable delay.  Four of the Rule 41(b) dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal.  "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).  The Court concludes that dismissal of this action for failure to prosecute and to comply with Court orders is warranted, but, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal is without prejudice.

## IV.    CONCLUSION

IT THEREFORE IS ORDERED that this lawsuit is DISMISSED without prejudice.  No further filings shall be accepted under this case number.

DATED: November 16, 2020            _____

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Presented by:

_____

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE